IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JANET CHANCE, *et al.*, § | |
|     Plaintiffs. § | |
| § | |
| v. § | CIVIL ACTION NO. H-11-3237 |
| § | |
| NEW HAMPSHIRE INSURANCE § | |
| COMPANY, *et al.*, § | |
|     Defendants. § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiffs' Motion to Remand [Doc. # 9], to which Defendant New Hampshire Insurance Company ("New Hampshire") filed a Response [Doc. # 10]. Having considered the full record and the governing legal authorities, the Court concludes that non-diverse Defendant Mason Jojola was not improperly joined. As a result, the Court lacks subject matter jurisdiction over this dispute, and the Court **grants** the Motion to Remand.

## I.    BACKGROUND

Plaintiffs filed this lawsuit in Texas state court alleging that Defendants wrongfully handled their decedent's workers' compensation claim. Specifically, Plaintiffs allege that Defendants wrongfully denied and/or unreasonably delayed payment of workers' compensation benefits in violation of § 541.060 of the Texas

Insurance Code and in violation of the Texas Deceptive Trade Practices Act ("DTPA"). Plaintiffs allege that New Hampshire breached its duty of good faith and fair dealing, but they do not assert that claim against Defendant Jojola.

On August 31, 2011, New Hampshire removed this case alleging federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. New Hampshire argued that non-diverse Defendant Jojola had been improperly joined and, as a result, his Texas citizenship should not be considered for diversity jurisdiction purposes. Plaintiffs filed a timely Motion to Remand, which has been fully briefed and is now ripe for decision.

## II.   LEGAL STANDARDS

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party

seeking the federal forum." *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

New Hampshire asserts that Jojola was improperly joined and, as a result, the Court should disregard his Texas citizenship for purposes of diversity jurisdiction. A non-diverse defendant may be found to be improperly joined if either there is "actual fraud in the plaintiff's pleading of jurisdictional facts" or if the removing defendant demonstrates that the plaintiff cannot establish a cause of action against the non-diverse defendant. *See Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). There is no allegation of actual fraud in Plaintiffs' pleading of the jurisdictional facts in this case.

The test under the second prong "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)). The party asserting improper joinder bears a heavy burden of persuasion. *Id.* at 514. "[A]ny doubt about the propriety of removal must be resolved in favor of

remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

"A claim of improper joinder by definition is directed toward the joinder of the in-state party, a simple but easily obscured concept." *Smallwood v. Ill. Cent. Ry. Co.*, 385 F.3d 568, 574 (5th Cir. 2004). Where there is a showing that there is no reasonable basis to predict that state law would allow recovery against the non-diverse defendant on a basis that would necessarily demonstrate the same result for the diverse defendant, "there is no improper joinder; there is only a lawsuit lacking in merit." *Id.* (citing *Chesapeake & Ohio Ry. v. Cockrell*, 232 U.S. 146, 153 (1914)). Therefore, if the basis for finding improper joinder is that there is no reasonable basis for predicting recovery against the non-diverse defendant, and that basis is equally dispositive of all defendants rather than only the non-diverse defendant, a removing defendant has not satisfied its heavy burden to demonstrate improper joinder. *Id.* at 575.

### III.  ANALYSIS

New Hampshire argues that Plaintiffs lack standing to assert the Texas Insurance Code and DTPA claims, and its argument is well supported by recent Texas Supreme Court and Fifth Circuit legal authority. In *Texas Mutual Insurance Company*, the Texas Supreme Court held that workers' compensation claimants "may not assert a cause of action under section 541.060." __ S.W.3d __, 2011 WL

3796353, *12 (Tex. Aug. 26, 2011).  The Texas Supreme Court further held that the workers' compensation claimants could not recover under the Texas DTPA.  *Id.* at *14.  Four days later, the Fifth Circuit held that a workers' compensation claimant, as a third party to the workers' compensation insurance policy, did not have a cause of action under § 541.060 of the Texas Insurance Code or under the Texas DTPA.  *See Effinger v. Cambridge Integrated Servs. Group*, 2011 WL 3823496, *2 (5th Cir. Aug. 30, 2011).

It is clear, under Texas Supreme Court and Fifth Circuit legal authority, that Plaintiffs do not have a viable claim under § 541.060 of the Texas Insurance Code or under the Texas DTPA.  Plaintiffs, however, do not have a claim against either the diverse defendants or the non-diverse defendant.  Consequently, under *Smallwood*, Jojola is not improperly joined.[1]  New Hampshire removed based on diversity jurisdiction.  Because joinder of Jojola was not improper, the Court must consider his citizenship for purposes of deciding whether this Court has subject matter jurisdiction.  It is undisputed that Plaintiffs and Jojola are citizens of Texas and, as a result, the Court lacks jurisdiction based on diversity of citizenship.  Plaintiffs' Motion to Remand must be granted.

---

[1] New Hampshire appears to recognize that *Smallwood* applies if this Court concludes that *Ruttiger* and *Effinger* preclude Plaintiffs' Texas Insurance Code and DTPA claims in this case.  *See* Response, p. 5.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that the Court's inability to predict that Plaintiffs could recover in state court against non-diverse Defendant Jojola is based on the same legal principles that would preclude their recovery against the diverse Defendants. As a result, under *Smallwood*, Jojola was not improperly joined and the Court must consider Jojola's Texas citizenship. Because Plaintiffs and Jojola are Texas citizens, the Court concludes there is not complete diversity in this case. Accordingly, the Court lacks subject matter jurisdiction, and it is hereby

**ORDERED** that Plaintiffs' Motion to Remand [Doc. # 9] is **GRANTED**. The Court will issue a separate Remand Order.

SIGNED at Houston, Texas, this 31st day of **October, 2011**.

_____
Nancy F. Atlas
United States District Judge